RIKER, DANZIG, SCHERER, HYLAND
 & PERRETTI LLP
Michael R. O'Donnell
500 Fifth Avenue
49th Floor
New York, NY 10110
modonnell@riker.com
Tel.: (973) 538-0800
Fax: (973) 538-1984

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONARD EDELSON,<br><br>                       Plaintiff,<br><br>vs.<br><br><br><br>STEPHEN CHEUNG,<br><br>                       Defendant. | CIVIL ACTION NO. 1:20-mc-01995-UAD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER PERMITTING SERVICE BY CERTIFIED MAIL AND DIRECTING THE TURNOVER OF FUNDS** |

Plaintiff Leonard Edelson ("Edelson") respectfully submits this memorandum of law in support of Edelson's motion for an Order (1) allowing Edelson to serve a subpoena on Defendant Stephen Cheung ("Cheung") and his wife, Rosanna Cheung, by certified mail, or in such manner as the Court directs; and (2) directing the turnover of all non-exempt funds and personal property held by Chase Bank ("Chase") for the benefit of Cheung, to be applied on account of the judgment in the amount of $2,703,417.91 entered on July 6, 2020, pursuant to CPLR 5225.

1

## FACTUAL BACKGROUND

### I. THE JUDGMENT

In an action in the United States District Court for the District of New Jersey between Edelson and Cheung, a judgment was entered against Cheung in the amount of $2,703,417.91 on July 6, 2020. See February 12, 2021 Certification of Michael P. Crowley (the "Crowley Cert.") at ¶2. Edelson then domesticated the judgment in this Court. Id. at ¶3. As of February 12, 2021, the entire amount, together with interest from July 6, 2020, remains due and unpaid. Id. at ¶4.

### II. THE ATTEMPTS TO SERVE DEFENDANT

As part of its efforts to serve subpoenas on Mr. and Mrs. Cheung, Edelson's counsel hired a process server. See Subpoenas, attached as Exhibits C, D, E and F to the Crowley Cert.; Affidavits of Non-Service, attached as Exhibits G and H to the Crowley Cert. On December 5, 2020, the process server attempted to serve these subpoenas at the Cheung's home address, located at 42-04 222nd Street, Bayside, New York 11361. See Exs. G and H. A male answered the Ring doorbell but then disconnected the call, and would not open the door. Id. Likewise, on December 8, 11, and 14, the process server tried to serve the Cheungs at their home, but the Cheungs refused to open the door. Id. In addition to the Ring doorbell, the process served noted that they have a surveillance camera outside their home. Id.

Moreover, the process server attempted to serve Cheung at his business address, located at 147 West 35th Street, #811, New York, NY 10001, on January 12, 2021 at approximately 9:36 am. (See Affidavit of Attempted Service, attached as Exhibit I to Crowley Cert.). When service was attempted at this address, the process server was

advised by building security that the business has been closed since before the new year. See id. Edelson now seeks to file a motion for an Order for leave to serve subpoenas on Mr. and Mrs. Cheung by certified mail, or in such manner as the Court directs.

## **LEGAL ARGUMENT**

**I.  TRADITIONAL SERVICE UNDER CPLR § 308 IS IMPOSSIBLE**

Rule 4(e) of the Federal Rules of Civil Procedure permits service of process on an individual according to the laws of the state in which the district court is located. Fed. R. Civ. P. 4(e). In New York, service of process must be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served at his or her last known residence; service on an agent; or (4) "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served." CPLR 308(1)–(4). When traditional methods of service prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." CPLR 308(5). "The meaning of impracticability depends upon the facts and circumstances of the particular case." Fortunato v. Chase Bank USA, N.A, 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012).

Here, Edelson should be entitled to effect service upon Mr. and Mrs. Cheung by alternative means because traditional service under CPLR 308 has proven "impracticable." As set forth above, the process server's attempt to serve Mr. and Mrs. Cheung at their home address was unsuccessful. The occupants of the home refused to answer the door despite communicating with the process server via a "ring doorbell" installed at the home. With technology such as a ring doorbell and surveillance cameras at the home, it is impossible to serve the Cheungs at their home address. Moreover, the

3

process server was unable to serve Cheung at his business address. In light of the COVID-19 pandemic, it is likely that office buildings will be closed until further notice. As a result, it is also impossible to serve Cheung at his business address.

Both attempts to serve subpoenas on Mr. and Mrs. Cheung were unsuccessful. Thus, service under CPLR 308 is impracticable because the Cheungs are avoiding same. See Ferrarese v. Shaw, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016) (finding that service was "impracticable" where Petitioner was unable to locate the defendant despite sending process servers to both of defendant's home addresses, speaking with defendant's sister at one of the home addresses about defendant's whereabouts, and hiring a private investigator in an effort to locate the defendant.)

## II. PLAINTIFF'S PROPOSED MEANS OF SERVICE IS REASONABLY CALCULATED TO PROVIDE DEFENDANT WITH NOTICE

Alternate service methods must comply with due process, which requires "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Pursuant to Rule 5(b)(1) of the Federal Rules of Civil of Procedure, a subpoena must be served by "delivering a copy to the named person." Fed. R. Civ. P. 5(b)(1). New York District Courts, however, have consistently permitted service of a subpoena by alternative means, such as certified mail, so long as the manner of service reasonably ensured its actual receipt. *See, e.g.*, Cordius Trust v. Kummerfeld, 2000 WL 10268 (S.D.N.Y. Jan.3, 2000) (granting motion for alternative service, by certified mail, and holding that personal delivery is not the exclusive method for service of subpoena under Rule 45); King v. Crown Plastering Corp., 170 F.R.D. 355, 355-56 (E.D.N.Y.1997) (noting that

4

"the court sees no reason for requiring in hand delivery so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness"); First Nationwide Bank v. Shur, 184 B.R. 640, 642 (E.D.N.Y.1995) ("'delivering' a copy of a subpoena, for the purposes of Rule 45 includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect").  Alternative service is also permissible pursuant to CPLR 5225. See Trust v. Kummerfeld, 153 F. App'x 761, 762-763 (2d Cir. 2005) (holding that judgment creditor's veil-piercing action pursuant to CPLR 5225(b) was properly served by certified mail in reasonable reliance on the district court's order permitting alternate service in the original action).  In Kummerfield, the District Court permitted alternative service by certified mail in light of what the Court found to be purposeful attempts to evade service by the judgment debtor.  Id.

Here, Edelson proposes to serve Mr. and Mrs. Cheung by certified mail at their home address.  Like Kummerfield, Mr. and Mrs. Cheung have effectively evaded service of process. See Affidavits of Non-Service, attached as Exhibits G and H to the Crowley Cert. As discussed above, occupants of the home refused to answer the door of the home in an effort to avoid service of process. The proposed method of service via certified mail reasonably ensures actual receipt of the subpoena.

**III.   ALL FUNDS AND PROPERTY MUST BE TURNED OVER TO PLAINTIFF**

On November 20, 2020, Edelson's counsel served a Restraining Notice on Chase Bank. See Restraining Notice attached as Exhibit A to the Crowley Cert.  Pursuant to a letter dated November 23, 2020 from Chase, Cheung currently has two accounts with Chase, the present balance of which is currently blocked. See Letter attached as Exhibit B to the Crowley Cert. Moreover, Cheung has a safe deposit box at a Chase branch located at 180 Canal Street, New York,

5

NY 10013. See id. Edelson now seeks to file a motion for an Order directing the turnover of all non-exempt funds and personal property held by Chase pursuant to CPLR 5225.

Per Federal Rule of Civil Procedure 69(a)(1), the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). CPLR 5225(b) provides, in pertinent part,

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money . . . .

CPLR 5225; see Kaplan v. Kaplan, 106 N.Y.S.3d 102, 104 (2019) (finding that "stock certificates and other 'indicia of ownership' in certain business entities" of judgment debtor constitutes personal property). However, "a party seeking a money judgment against a nonparty garnishee may proceed by motion" under Rule 69(a) and "need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469–70 (2d Cir. 2018).

To obtain a turnover order, the judgment creditor must show that: (1) "the judgment debtor has an interest in the property the creditor seeks to reach"; and (2) either "the judgment debtor is 'entitled to the possession of such property'" or "the judgment creditor's rights to the property are superior to those of the party in whose possession it is." Beauvais v. Allegiance Sec., Inc., 942 F.2d 838, 840 (2d Cir. 1991) (internal

6

quotation marks omitted). "A debtor obviously has an interest in its own money or property held by a third party," unless there is "a prior lien on the funds." Id. at 841.

Here, a judgment was entered in favor of Edelson against Cheung in the amount of $2,703,417.91. (Crowley Cert. at ¶2). The entire amount, together with interest from July 6, 2020, remains due and unpaid. (Crowley Cert. at ¶4). Cheung currently has a security deposit box and a checking account at Chase Bank, the funds of which are currently being held by Chase Bank pursuant to a Restraining Notice dated November 17, 2020. See Restraining Notice attached as Exhibit A to the Crowley Cert. As a threshold matter, the court has personal jurisdiction over Chase Bank. See CSX, 879 F.3d at 470 (observing that "personal jurisdictional [was] clear" where the garnishee had its principal place of business in New York and the record showed that the plaintiff complied with Rule 4). Chase Bank is headquartered in New York. (Crowley Cert. at ¶7). A Notice of Motion was served on Chase Bank on February 12, 2021. See Affirmation of Service of Michael R. O'Donnell.

Moreover, both requirements to obtain a turnover order are satisfied. First, Cheung has an interest in the property that Edelson seeks to reach. Because the funds and safe deposit box in Chase's possession belong to Cheung, Cheung necessarily has an interest in such property. See Letter attached as Exhibit B to the Crowley Cert. Moreover, the account is held in Cheung's name alone. Id. Second, Cheung is entitled to the possession of such property. But for Edelson's Restraining Notice to Chase, Cheung would be entitled to possession of the funds and safe deposit box. See Restraining Notice attached as Exhibit A to the Crowley Cert. Thus, because of his judgment against Cheung, Edelson is entitled to a turnover order pursuant to CPLR 5225(b).

7

## **CONCLUSION**

For the foregoing reasons, Edelson respectfully requests that the Court grant Edelson's motion for an Order (1) allowing Edelson to serve subpoenas on Mr. and Mrs. Cheung by certified mail, or in such manner as the Court directs; and (2) directing the turnover of non-exempt funds and personal property held by Chase.

|  |  |
|---|---|
|  | RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Attorneys for Plaintiff<br>Leonard Edelson |
|  | By: /s/ Michael R. O'Donnell |
| DATED:  February 12, 2021 | MICHAEL R. O'DONNELL |