UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEONARD EDELSON,

              Plaintiff,

    v.

STEPHEN CHEUNG,

              Defendant.

20-MC-1995 (ARR)(SJB)

**OPINION & ORDER**

NOT FOR ELECTRONIC OR PRINT PUBLICATION

ROSS, United States District Judge:

Plaintiff Leonard Edelson moves for the turnover of all non-exempt funds and personal property of defendant Stephen Cheung held in a safe deposit box. The disputed contents of that safe deposit box are cash in the amount of $20,000 ("the proceeds") and a diamond watch ("the watch"). In his report and recommendation ("R. & R.") dated June 8, 2022, the Honorable Sanket J. Bulsara, United States Magistrate Judge, recommends that I deny the plaintiff's motion for turnover.

On June 22, 2022, plaintiff timely filed objections to the R. & R. The plaintiff objects to the R. & R. as it pertains to the proceeds, but not as to the watch. Mot. to Set Aside R. & R., ECF No. 32 ("Pl.'s Obj."). He principally argues that the court should not have credited the testimony of the defendant's wife, Rosanna Cheung, regarding the origin of the proceeds and that absent that testimony, the defendant cannot overcome the presumption of joint tenancy.

Having reviewed the challenged portion of the R. & R. *de novo*, I agree with Judge Bulsara's determination that the defendant has overcome the presumption of joint tenancy. Moreover, after reviewing the portions of the R. & R. to which neither party objected, I find no clear error. Accordingly, I adopt the R. & R. in full and deny the plaintiff's motion.

**STANDARD OF REVIEW**

I may designate a magistrate judge to conduct hearings for certain motions pending before me and to submit to me proposed findings of fact and a recommendation as to the disposition of the motion. 28 U.S.C. § 636(b)(1). Within fourteen days of service of the recommendation, any party may file written objections to the magistrate's report. 28 U.S.C. § 636(b)(1)(C). I must conduct a *de novo* review of those portions of the R. & R. to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.*[1] As to those portions of the report and recommendation to which no objections are addressed, I must review for clear error the factual or legal conclusions of the magistrate judge. *Id.*; Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *accord Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

**BACKGROUND**

*Procedural Background*

On July 6, 2020, plaintiff obtained a judgment against the defendant in the District of New Jersey. Clerk's Certification of J., Civil Action No. 13-5870 (D.N.J. Aug. 5, 2020), ECF No. 1. On November 20, 2020, Edelson served a restraining notice on J.P Morgan Chase Bank ("Chase"), seeking to freeze accounts held by Chase in Mr. Cheung's name. Pl.'s Pre-Hr'g Br., Ex. A, ECF No. 19-2. Chase responded to that notice with a letter identifying a safe deposit box account ending in -0552 at a Chase branch location in Manhattan as an account being held pursuant to the restraining

---

[1] Courts in this circuit disagree on what to do about objections that reiterate arguments already made to the magistrate judge. *See Kang v. Perri*, No. 20-CV-746 (MKB) (PK), 2021 WL 4487876, at *5 (E.D.N.Y. Sept. 30, 2021) (collecting cases discussing whether clear error review is appropriate for reiterated arguments). Plaintiff's objections may be construed as disputing issues of fact and credibility that were adjudicated by Judge Bulsara. Out of an abundance of caution, however, I have conducted a *de novo* review of the record and the plaintiff's objections, even if the arguments were previously adjudicated by the magistrates.

2

notice. Pl.'s Pre-Hr'g Br., Ex. B, ECF No 19-3. On February 12, 2021, pursuant to New York Civil Practice Law and Rules Section 5225 and Fed. R. Civ. P. 69(a)(1), Edelson filed a turnover motion in this court with respect to that safe deposit box. Mot. for Service by Publication, ECF No. 4. With the court's authorization, the parties examined and photographed the contents of the safe deposit box on November 4, 2021. *See* Consent Order, ECF No. 16; Pl.'s Pre-Hr'g Br., Ex. D, ECF No. 19-5.

Following the submission of briefing and conferences with the parties, Judge Bulsara determined that there were disputed issues of facts and held an evidentiary hearing on February 8, 2022, to resolve those issues. Tr. Of Proceedings, ECF No. 27 ("Tr."). After the hearing, Magistrate Judge Bulsara issued an R. & R. in which he recommended that the court deny the turnover motion. R. & R., ECF No. 31. Plaintiff filed timely objections to the R. & R. on June 6, 2022. Pl.'s Obj., ECF No. 32, and the defendant responded on June 25, 2022. Resp. in Opp'n to Mot. to Set Aside R. & R., ECF No. 33 ("Def.'s Opp'n.").

*Factual Background*

After a *de novo* review of the record, I adopt the R. & R.'s thorough statement of the facts. Briefly summarized, those facts are as follows. More than ten years ago, Ms. Cheung opened a checking account, a savings account, and a safe deposit box in her name at a Chase branch located in Chinatown. Tr. 9:1–4, 16–17, 10:3–4. At the time that the parties surveyed the contents of the safe deposit box in 2021, it contained the proceeds, Tr. 42:21–43:2; Pl.'s Pre-Hr'g Br., Ex. D at 11–13, the watch, various jewelry, and other unidentified items, Pl.'s Pre-Hr'g Br., Ex. D at 1–10. The contents of the safe deposit box, which included money and jewelry inherited by Ms. Cheung's mother in 2006, were gifted to Ms. Cheung by her parents.[2] Tr. 10:21–11:16. Ms. Cheung testified that at some point

---

[2] In conjunction with the hearing held before Judge Bulsara in February 2021, the defendant submitted a customs declaration form, dated October 26, 1988, listing items that Ms. Cheung's parents brought with them when they immigrated to Canada, including jewelry that appears to correlate to items in the safe deposit box. Tr. 25:4–32:18; Pl.'s Post-Hr'g Br., Ex. G, ECF No. 29-1. Plaintiff has renewed

3

after receiving the initial cash gift—in the amount of $35,000—from her parents and placing them in the safe deposit box, she asked the bank to substitute new bills because she feared the older bills would expire. Tr. 47:9–48:7.

Ms. Cheung was married to Mr. Cheung at the time of opening her Chase accounts but sought separate accounts to "keep [her] own money." Tr. 10:12–13. As of 2011, the annual payment for the safe deposit box has been paid from Ms. Cheung's savings account. Tr. 12:1–4; Def.'s Decl. in Opp'n to Mot., Ex. 3, ECF No. 7-3; Safe Deposit Box Payment History, Def.'s Post-Hr'g Br., Ex. 3, ECF No. 30-4. Mr. Cheung's name appears on certain statements and documents for the safe deposit box account. *See* 2015 Chase Statement dated Feb. 23, 2015, Pl.'s Pre-Hr'g Br., Ex. C, ECF No. 19-4; Verification of Safe Deposit Box Inventory or Found Content dated Nov. 4, 2021, Pl.'s Ex. E, ECF No. 19-8 ("Verification"). His name does not appear on account invoices after 2015. Safe Deposit Box Annual Invoices, Def.'s Post-Hr'g Br., Ex. 2 at 5, 8, 11, 14, ECF No. 30-3. The social security number listed for the box on the Chase Verification document is that of Ms. Cheung (wrongly attributed to Mr. Cheung). Verification; Tr. 40:8-15; Tax Return dated May 30, 2018, Def.'s Post-Hr'g Br., Ex. 4 at 1, ECF No. 30-5. Ms. Cheung testified that she added her husband's name to the safe deposit box account so that he would be able to access the box in the event of her illness or death. Tr. 13:6–13; 13:23–14:9; 43:10–16. Chase records indicate that between September 2017 and December 2021, Ms. Cheung was the only person to visit the box. Safe Deposit Box History dated Dec. 28, 2021, at 4.[3] Ms. Cheung stated that she accessed the proceeds to help pay for her siblings to

---

previously stated objections to the customs declaration form as it pertains to the watch. Pl.'s Obj. 2 n.1; Tr. 26:4–12. But as plaintiff has not objected to Judge Bulsara's R. & R. as it pertains to the watch, I have reviewed Judge Bulsara's consideration of the customs declaration only for plain error and find none. *See* R. & R. 5–6.

[3] Judge Bulsara also considered and relied upon an additional document submitted by the defendant in conjunction with the hearing and admitted without objection, a document subpoenaed from Chase listing the access history for the safe deposit box account, identified as "Def.'s Ex. B." Tr. 52:8–24; R. & R. 4. That document has not been attached to the docketed record for this case but is in the court's

visit her in the United States. Tr. 51:25–52:10.

## DISCUSSION

### I. Legal Framework

In a motion to enforce a federal money judgment, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). This motion therefore follows the turnover proceeding provided in N.Y. C.P.L.R. § 5225(b), a statutory provision that "creates a remedy for judgment creditors in situations where property of a judgment debtor is in the possession or custody or a third party," *Dussault v. Republic of Argentina*, 616 F. App'x 26, 27 (2d Cir. 2015), and the judgment creditor claims an entitlement or superior right to the money, N.Y. C.P.L.R. § 5225(b). Because there is no provision for such a special proceeding under the Federal Rules of Civil Procedure, "a party seeking a money judgment against a non-party garnishee may proceed by motion" under Rule 69(a) and "need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469–70 (2d Cir. 2018).

To obtain a turnover order, the judgment creditor must show that: (1) "the judgment debtor 'has an interest' in the property the creditor seeks to reach"; and (2) either "the judgment debtor is 'entitled to the possession of such property'" or "'the judgment creditor's rights to the property are superior' to those of the party" currently possessing the property. *Beauvais v. Allegiance Secs., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (quoting N.Y. C.P.L.R. § 5225(b)). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor. . . ." *Id.* at 840–41.

A Rule 69(a) turnover proceeding pursuant to N.Y. C.P.L.R. § 5225(b) is treated as a motion

---

possession. As plaintiff has not lodged any objection to the consideration of that document for the purposes of the R. & R., I have included it in my review.

for summary judgment. *See Gonzalez v. City of N.Y.*, 8 N.Y.S.3d 290, 291 (N.Y. App. Div. 2015) ("It is settled that a special proceeding is subject to the same standards and rules of decision as apply on a motion for summary judgment. . . ." (citations omitted)).

II.  **Application**

I agree with Judge Bulsara's conclusion: the plaintiff has not carried his burden to show that Cheung has an interest in the proceeds contained in the safe deposit box. Edelson argues that because the safe deposit box is in the names of both Mr. and Mrs. Cheung there is a presumption of joint tenancy, making the contents subject to turnover. Pl.'s Pre-Hr'g Br. 3, ECF No. 19. Under New York law, a joint account "creates a rebuttable presumption that each named tenant is possessed of the whole of the account so as to make the account vulnerable to levy of a money judgment by the judgment creditor of one of the joint tenants." *Signature Bank v. HSBC Bank USA, N.A.*, 889 N.Y.S.2d 242, 244 (N.Y.App.Div.2009) (quoting *Tayar v. Tayar*, 618 N.Y.S.2d 35, 36 (1994)). That presumption "extends to safe deposit boxes held jointly." *N.Y. Cmty. Bank v. Bank of Am., N.A.*, 93 N.Y.S.3d 7, 9 (App. Div. 2019). The parties do not dispute that the presumption applies. Tr. 63:4–9; Def.'s Post-Hr'g Br. 1–2, ECF No. 30; Pl.'s Post-Hr'g Br. 4–5, ECF No. 29. As the judgment debtor, Cheung thus bears the burden of rebutting that presumption. *Tayar*, 618 N.Y.S.2d at 36. I find that he has done so.

As Judge Bulsara notes in his R. & R., methods of rebutting the presumption include proffering "evidence showing that the depositor established the account for convenience and not with the intention of conferring a present beneficial interest." R. & R. 9–10 (quoting *Matter of Friedman*, 478 N.Y.S.2d 695, 696 (App. Div. 1984)); *see also Signature Bank*, 889 N.Y.S.2d at 244 (stating that the presumption can be rebutted "by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only" (citation and internal quotation marks omitted)). In evaluating whether the joint account was

6

established with the intention of creating joint tenancy, "New York courts generally consider the totality of circumstances." *TD Bank, N.A. v. Miller*, No. 18 Civ. 10608 (VM), 2020 WL 5441323, at *8 (S.D.N.Y. Sept. 9, 2020) (collecting cases). Factors that may be considered include the source of the funds, *Fragetti v. Fragetti*, 692 N.Y.S.2d 442, 443 (App. Div. 1999), how interest on an account was attributed for tax purposes, *id.*, which party made deposits to or withdrawals from the account, *Harrington v. Brunson*, 12 N.Y.S.3d 696, 698 (App. Div. 2015), the purpose for which the funds were to be used, *Filippi v. Filippi*, 384 N.Y.S.2d 1010, 1011 (App. Div. 1976), and which party had control of the safe deposit box, *N.Y. Cmty. Bank*, 93 N.Y.S.3d at 10.

The strongest evidence that the safe deposit box account constituted a joint tenancy is the statement and Verification documents that list Mr. Cheung's name. But those do not outweigh the other physical evidence and testimony, which all factor against the presumption. The account statements, which after 2015 do not include Mr. Cheung's name, indicate that although Mr. Cheung's name appeared on the account, control of the account remained with Ms. Cheung. Payment for the safe deposit box was drawn from Ms. Cheung's savings account. The Verification from Chase includes only Ms. Cheung's Social Security number. The proceeds were a gift to Ms. Cheung from her parents and she used them sparingly in support of her siblings. According to Chase records, Mr. Cheung never accessed the safe deposit box. *Cf. Fragetti*, 692 N.Y.S.2d at 443 (finding the presumption rebutted where, *inter alia*, the parents of the defendant debtor were "the sole source of the funds in the joint accounts, the interest earned on the account was reported under the parents' Social Security numbers and not the defendant's, . . . and the defendant made no deposits or withdrawals on her own behalf"); *see also Merrill Lynch, Pierce Fenner & Smith Inc. v. Sohmer*, 16-cv-1856 (MKB), 2019 WL 1441126, at *8 (E.D.N.Y. March 29, 2019) (collecting cases in which the presumption was rebutted where a purported co-tenant did not withdraw or deposit funds).

All these factors suggest that Ms. Cheung did not intend to confer a beneficial property interest

on Mr. Cheung, but rather, as stated in her testimony, added his name to the account a matter of convenience in the event of her illness or death. Tr. 13:6–13; 13:23–14:9; 43:10–16. Ms. Cheung's testimony, alongside the account documents that indicate the absence of any involvement of Mr. Cheung with the safe deposit account and its contents, provide "substantial circumstantial proof," which I find adequate to overcome the presumption of joint tenancy. As Mr. Cheung has overcome that presumption, Edelson is unable to demonstrate that Mr. Cheung has an interest in the proceeds held in the account and his motion for turnover fails.

In challenging the R. & R., plaintiff reiterates objections made before Judge Bulsara that Ms. Cheung's testimony during that hearing was not credible. Pl.'s Post Hr'g Br. 6–7, ECF No. 29; Pl's Obj. 6–8. Plaintiff argues that other attempts by the Cheungs to hide assets from judgment should lead the court to assume bad faith. Pl.'s Obj. 6–7. But I believe the documentary record in this case demonstrating Ms. Cheung's exclusive control over and access to the safe deposit box—in conjunction with her testimony regarding the origin and purpose of the proceeds and her motivations for adding Mr. Cheung's name to the account—outweighs the implications of plaintiff's conjecture. I acknowledge that absent a documentary trail as to the origin of the money, the proceeds present a closer question than does the watch, for which Ms. Cheung can provide a clearer origin story. Nevertheless, Ms. Cheung provided a reasonable explanation for why the bills in the safe deposit box are dated later than the date she states the proceeds were placed in the account. Her testimony otherwise accords with the documentary record. And as noted by Judge Bulsara, testimony from a witness, even if an interested witness, constitutes evidence sufficient to rebut a presumption of joint tenancy. R. & R. 13 (citing *Phillips v. Phillips*, 419 N.Y.S.2d 573, 578 (App. Div. 1979)). Ms. Cheung's testimony in this case has done just that.

To the extent that plaintiff's objection constitutes a challenge to the magistrate judge's authority to make credibility determinations, that argument, too, fails. "Even where witness credibility

is at issue," the Federal Magistrates Act "calls for a *de novo* determination, not a *de novo* hearing." *Santana Prod., Inc. v. Sylvester & Assocs., Ltd.*, 279 F. App'x 42, 45 (2d Cir. 2008) (quoting *United States v. Raddatz*, 447 U.S. 667, 674 (1980)). The Supreme Court has held that when reviewing a magistrate judge's recommendations, the district court may accept or reject the magistrate's credibility determinations, recognizing a magistrate is in a better position to assess the credibility of witnesses he sees and hears. *Raddatz*, 447 U.S. at 674. I am permitted "to give to the magistrate's proposed findings of fact and recommendations such weight as their merit commands" so long as I make the ultimate decision. *Id.* at 683 (quotation omitted). Having made a full review of the record, including Ms. Cheung's testimony and Judge Bulsara's evaluation of that testimony, I find her testimony credible. On the basis of that testimony and the proffered documents, I agree with Judge Bulsara's determination that Mr. Cheung has rebutted the presumption of joint tenancy and that the plaintiff has thus not met his burden to demonstrate the judgment debtor's interest in the account. Edelson is not entitled to the turnover of the proceeds held in the safe deposit box. I further find no clear error in the unchallenged portion of the R. & R pertaining to the watch.

## CONCLUSION

Thus, for the reasons discussed above, I adopt Judge Bulsara's well-reasoned R. & R. in its entirety as the opinion of the court. Plaintiff's motion for turnover is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     March 1, 2023
           Brooklyn, New York